Filed 11/21/25  P. v. Maple CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>WALTER MAPLE, Jr.,<br><br>    Defendant and Appellant. | B336250<br><br>(Los Angeles County<br>Super. Ct. No. NA040400) |

APPEAL from an order of the Superior Court of Los Angeles County, Laura Laesecke, Judge.  Affirmed.

John Steinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Kenneth C. Byrne and Susan S. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

## MEMORANDUM OPINION[1]

Walter Maple, Jr., challenges a trial court order denying his petition for resentencing under Penal Code section 1172.75.[2] We affirm the trial court order.

## BACKGROUND

In 1999, Maple was charged by information with two counts of forcible rape. (§ 261, subd. (a)(2).) As to both counts, the information also charged Maple with personally using a dangerous or deadly weapon. (§ 12022, subd. (b)(1).) It further alleged Maple had suffered two prior serious or violent felony convictions or juvenile adjudications for assault to commit rape (§ 220) and forcible oral copulation (former § 288a, subd. (c)), pursuant to section 1170.12, subdivisions (a) through (d), and section 667, subdivisions (b) through (i), and that Maple had been convicted of a serious felony within the meaning of section 667, subdivision (a)(1). The section 220 and section 288a, subdivision (c) convictions were both from a 1991 Los Angeles County case, No. NA006653.

The information further alleged Maple had suffered three prior convictions within the meaning of section 667.5, subdivision (b): the 1991 section 220 and section 288a, subdivision (c) convictions, and a 1995 section 243, subdivision (c)

---

[1]  We resolve this matter by memorandum opinion, consistent with California Standards of Judicial Administration, section 8.1. (*People v. Garcia* (2002) 97 Cal.App.4th 847, 850–855.)

[2]  All further undesignated statutory references are to the Penal Code.

2

conviction (battery on a custodial officer) in case "No. 94162X" in Del Norte County.

A jury found Maple guilty of one count of forcible rape and found true the allegation that he used a deadly and dangerous weapon, a knife, in the commission of the offense. The jury deadlocked on the second count, and the trial court dismissed the charge under section 1385.

Maple waived a jury or court trial on the prior conviction allegations. He admitted "the prior offenses in [case No.] NA006653 pursuant to [section] 1170.12(A)-(D)—two separate crimes, [pursuant to] 667(a)(1) and 667.5(b) [P]enal [C]ode sections." The minute order from the proceeding did not mention the Del Norte case No. 94162X or a section 243, subdivision (c) conviction.

The trial court sentenced Maple to a total term of 35 years to life that included a one-year prior prison term enhancement under section 667.5, subdivision (b), which was stayed. The court granted Maple's motion to dismiss the prior strike based on the section 288a, subdivision (c) conviction, pursuant to section 1385, finding it did not fall within the spirit of the Three Strikes law. In a previous direct appeal, a panel of this court modified the judgment to conform to the trial court's oral pronouncement and otherwise affirmed. (*People v. Maple* (Nov. 16, 2000, B136455) [nonpub. opn.].)

Section 1172.75, subdivision (a), effective 2022, provides that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally

3

invalid." The statute establishes procedures for the identification of persons serving sentences that include now-invalid section 667.5, subdivision (b) enhancements, and for the recall of such sentences and resentencing.

In 2023, the California Department of Corrections and Rehabilitation identified Maple as potentially eligible for resentencing under section 1172.75. Maple filed a motion to strike and dismiss the one-year prior prison term enhancement and to conduct a full resentencing.

At the December 2023 hearing, the People argued Maple was ineligible for resentencing. The People argued the section 667.5, subdivision (b) enhancement was imposed in Maple's case for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code. The People thus contended section 1172.75 did not invalidate the enhancement or permit resentencing.

Defense counsel responded that because the sentencing court did not specify that the section 667.5, subdivision (b) enhancement was based on the section 220 conviction, the court must apply the rule of lenity and assume the section 243, subdivision (c) offense was the predicate for the section 667.5, subdivision (b) enhancement.[3] Counsel thus asserted Maple was eligible for resentencing. The court replied that because it did not have the sentencing transcript, it could not determine which prior offense was the predicate for the enhancement.

The trial court nonetheless concluded Maple was not eligible for resentencing because the one-year prior was stayed

---

[3]     Although Maple admitted suffering prior convictions for violations of sections 220 and former 288a, subdivision (c), the parties and the court referred only to the section 220 conviction.

and not executed.  The court thus denied the petition.  Maple appealed.

## DISCUSSION

Maple contends he is eligible for resentencing even though his one-year prior was stayed.  He also argues the record is ambiguous as to whether the original sentencing court imposed the section 667.5, subdivision (b) enhancement for a sexually violent offense, and the rule of lenity requires this ambiguity to be resolved in his favor.

After Maple filed his opening brief, the California Supreme Court resolved the question of whether a section 1172.75 resentencing is required when a section 667.5, subdivision (b) enhancement was imposed and stayed, rather than executed.  In *People v. Rhodius* (2025) 17 Cal.5th 1050, 1054, the court held that section 1172.75 entitles a defendant to resentencing if the judgment includes a qualifying section 667.5, subdivision (b) enhancement, regardless of whether the enhancement was executed or stayed.

The People therefore oppose Maple's appeal on the ground that the stayed prior prison term enhancement was necessarily based on his prior conviction for one of two sexually violent offenses (§§ 220, former 288a, subd. (c)) listed in Welfare and Institutions Code section 6600.  (See Welf. & Inst. Code, § 6600, subd. (b).)

We agree with the People.  Although, under *Rhodius*, the trial court could not deny Maple's petition on the ground that the one-year prior was stayed, we nonetheless conclude he is not eligible for resentencing.  (*People v. Turner* (2020) 10 Cal.5th 786, 807 [an appeal must be sustained if correct "on any theory of the law applicable to the case"].)

5

The record establishes that in the underlying proceedings, Maple waived his right to a trial on the prior conviction allegations.  He subsequently admitted suffering only two prior convictions.  The minute order from his original trial and sentencing states Maple admitted "the prior offenses *in* [*case No.*] *NA006653* . . . two separate crimes, [pursuant to] . . . 667.5(b) penal code section[ ]."  (Italics added.)  Both crimes are sexually violent offenses under Welfare and Institutions Code section 6600, subdivision (b).

Maple did not admit suffering the prior section 243, subdivision (c) conviction (case No. 94162X) for any purpose.  There is thus no ambiguity in the record.  We can only conclude that the trial court imposed the one-year prior prison term enhancement based on a sexually violent offense because those were the only prior convictions he admitted, and they were therefore the only convictions eligible to form the basis of the section 667.5, subdivision (b) enhancement.  There were no other proceedings establishing the prior conviction allegations.  There is no possibility that the trial court imposed the section 667.5, subdivision (b) enhancement based on the section 243, subdivision (c) conviction.  Maple is therefore ineligible for section 1172.75 resentencing.

6

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ADAMS, J.

We concur:

EGERTON, Acting P. J.

HANASONO, J.